IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| CAROLINE PINTO,<br>　　　　Plaintiff,<br>v.<br><br>UNIVERSITY OF COLORADO, UNIVERSITY OF COLORADO BOARD OF REGENTS, AMY J. BARTON in her official and individual capacity, KRISTI RODRIGUEZ in her official and individual capacity, TAMMY SPENCER in her official and individual capacity, and NOREEN HEER NICOL in her official and individual capacity,<br>　　　　Defendants | CAUSE NO.: _____<br><br>**JURY TRIAL REQUESTED** |

## ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a civil rights action for damages arising from the named Defendants' curtailment of the First Amendment rights of Plaintiff, CAROLINE PINTO, a former student at Defendant, University of Colorado, Anschutz Campus College of Nursing.

2. The Defendants violated Plaintiff's First Amendment rights by discriminating against Plaintiff on the basis of her religion. Specifically, Defendants have improperly refused to accommodate Plaintiff's sincerely held religious beliefs that conflict with the Defendants' mandatory Covid-19 vaccination policy for students enrolled in classes and have accordingly terminated Plaintiff's status as an enrolled student.

3. Plaintiff has informed Defendants of her sincerely held religious beliefs, which include her belief in the sanctity of human life. Plaintiff also informed the Defendants that she was unable to accept any of the available Covid-19 vaccines because they either use or were developed through the use of cell lines stemming from aborted fetuses.

4. On September 10, 2021, Defendants Barton and Rodriguez denied Plaintiff's request for

1

religious accommodation. On September 16, 2021, Defendants Spencer and Nicol informed Plaintiff in writing of her dismissal from CU's nursing program.

**PARTIES**

5. Plaintiff, **Caroline Pinto**, is a citizen of the state of Colorado and resides in Denver County, Colorado.

6. Defendant, **University of Colorado** at Anschutz is a state-owned and operated institution of higher learning located in Adams County, Colorado, and may be served with civil process by serving its Dean, Eli Provencio-Vasquez, at 13120 East 19th Avenue, Aurora, CO 80045. Defendant, CU, has been provided with a request to waive service of summons under Rule 4, Federal Rule of Civil Procedure.

7. Defendant, **University of Colorado Board of Regents** ("Board of Regents" or "the Board") is the governing board of Defendant, University of Colorado.

8. Defendant, **Amy J. Barton**, is the Senior Associate Dean for Faculty and Students and Defendant, CU's College of Nursing and can be served with summons at her place of employment at 13120 East 19th Avenue 3rd Floor - Room 3255, Aurora, CO 80045. Defendant Barton has been provided with a request to waive service of summons under Rule 4, Federal Rule of Civil Procedure.

9. Defendant, **Kristi Rodriguez**, is the Director of Admissions and Student Affairs at Defendant, CU's College of Nursing and may be served with summons at 13120 East 19th Avenue 3rd Floor - Room 3255, Aurora, CO 80045. Defendant Rodriguez has been provided with a request to waive service of summons under Rule 4, Federal Rule of Civil Procedure.

10. Defendant**, Tammy Spencer**, is the Assistant Dean of Undergraduate Programs at Defendant, CU's College of Nursing and may be served with summons at 13120 East 19th Avenue 3rd Floor - Room 3255, Aurora, CO 80045. Defendant Spencer has been provided with

2

a request to waive service of summons under Rule 4, Federal Rule of Civil Procedure.

11. Defendant, **Noreen Heer Nicol**, is the Interim Associate Dean of Academic Programs at Defendant, CU's College of Nursing and may be served with summons at 13120 East 19th Avenue 3rd Floor - Room 3255, Aurora, CO 80045. Defendant Nicol has been provided with a request to waive service of summons under Rule 4, Federal Rule of Civil Procedure.

## JURISDICTION AND VENUE

12. This action seeks damages under 42 U.S.C. §§ 1981 & 1983. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

13. Venue properly lies within this District under 28 U.S.C. § 1391(b). The named defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

14. In doing the acts alleged herein, all Defendants, acted within the course and scope of their employment.

15. In doing the acts and/or omissions alleged herein, Defendants, acted under color of state authority and/or under color of state law.

16. In doing the acts and/or omissions alleged herein, Defendants acted as the agent, servant, employee, and/or in concert with each of said other Defendants.

## GENERAL ALLEGATIONS
## FIRST CLAIM
### Religious Discrimination, Retaliation
### (First & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

17. The First Claim is asserted by Plaintiff against all Defendants.

18. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs to the extent relevant, as if fully set forth herein.

19. Plaintiff was engaging in constitutionally protected activity when Defendants, acting or

purporting to act in the performance of their official duties as officials of CU, a state-owned, funded, and operated university, caused Plaintiff to suffer injuries and damages. The Defendants' adverse actions were substantially motivated by a desire to retaliate against Plaintiff's exercise of constitutionally-protected conduct.

20. Defendants' retaliation was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' First and Fourteenth Amendment rights secured by the United States Constitution, and/or was wantonly or oppressively done.

21. As a direct and proximate result of Defendants' actions, Plaintiffs suffered injuries entitling her to recover compensatory and punitive damages from the individual defendants in excess of the jurisdictional limits of this Court.

### SECOND CLAIM
### Policies, Customs, or Practices
### (First & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

22. The Second Claim is asserted by Plaintiff against all Defendants.

23. Plaintiff re-alleges and incorporates the allegations of the proceeding paragraphs to the extent relevant, as if fully set forth in this Claim.

24. Defendant has adopted a prejudicial and discriminatory policy of only approving requests for religious exemption that show the requester follows a religion whose central tenets prohibit its adherents from taking any form of vaccine.

25. By enacting or observing such a policy, custom, or practice, whether officially noted in its records or not, Defendant CU has effectively created two classes of staff, employees, and students: one that follows its "approved" class of religions, and one that does not. The First Amendment to the Constitution for the United States prohibits such conduct by government officials, and the Fourteenth Amendment made such prohibition applicable to

state actors, such as the Defendants herein. At all times relevant hereto, Defendants therefore acted under color of Colorado state law.

### THIRD CLAIM
### Unequal Protection of the Law

26. The Third Claim is asserted by Plaintiff against all Defendants.

27. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs.

28. Defendants, acting under the color of state law have subjected Plaintiff to unequal protection of the law in violation of Plaintiff's constitutional rights. The unequal treatment to which Plaintiff was subjected includes the denial of the exercise of Plaintiff's religious liberties to one group of staff, employees, and students, while allowing the other group to exercise their religious beliefs and practices.

### DAMAGES

29. As a direct and proximate result of Defendants' actions, Plaintiff has sustained the following damages:

- Loss of future earnings and earning capacity due to reduced career prospects;
- Loss of past tuition fees paid;
- Loss of scholarship benefits;
- Loss of past expenses incurred for textbooks, computer software needed for curriculum, etc.;
- Loss of past earnings resulting from Plaintiff quitting her job as a bartender in order to work as a certified nursing assistant to further he planned career in nursing;
- Mental anguish and emotional distress from loss of her planned career as a travel ICU nurse and now having to work in a profession Plaintiff does not care about,

all in excess of the jurisdictional limits of this court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks Judgment for compensatory, general, and special

5

damages, for an award of reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988, and any other statute or law as may be applicable; and for an award of any other further relief, as the Court deems fair, just, and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated:  August 25, 2022.

>Respectfully submitted,
>
>**Klibaner Law Firm, P.C.**
>
>   **/s/ David Klibaner**
>David A. Klibaner
>Colorado Bar Number 13635
>899 Logan Street, Ste. 200
>Denver, CO 80203
>Tel:  303.863.1445
>Fax: 303.863.8838
>david@dklawfirm.com
>www.daklawfirm.com
>
>
>**WOODFILL LAW FIRM, P.C.**
>
>*/s/ Jared R. Woodfill*
>Jared R. Woodfill
>Texas Bar Number 00788715
>*/s/ Kyle A. Pinkerton*
>Kyle A. Pinkerton
>Texas Bar Number 16016725
>Email: woodfillservice@gmail.com (service only)
>Email: jwoodfill@woodfilllaw.com (non-service only) 3 Riverway, Suite 750
>Houston, Texas 77056
>(713) 751-3080 Telephone
>(713) 751-3058 Facsimile
>*Attorneys for Plaintiff*